**Makana LEE and Ft. Steuben Co., Inc., Appellants in No. 85–3339**

v.

**J. Alan JOHNSON, United States Attorney for the Western District of Pennsylvania, and William von Raab, Commissioner, United States Customs Service.**

No. 85–3339.

United States Court of Appeals, Third Circuit.

Sept. 22, 1986.

Before ALDISERT, Chief Judge, SEITZ, ADAMS, GIBBONS, WEIS, HIGGINBOTHAM, SLOVITER, BECKER and STAPLETON, Circuit Judges, and ROSENN, Senior Circuit Judge.

SUR PETITION FOR REHEARING
GIBBONS, Circuit Judge.

The petition for rehearing filed by appellee-cross appellant. Ft. Steuben Company, Inc., in the above entitled case having been submitted to the judges who participated in the decision of this court, 799 F.2d 31, and to all the other available circuit judges of the circuit in regular active service, and no

judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.

Circuit Judges ADAMS and BECKER would grant petition for rehearing in banc.

Statement by Circuit Judge BECKER Sur Denial of Petition for Rehearing.

For the reasons set forth in my panel opinion, I dissent from the denial of the government's petition for rehearing. I also take issue with the denial of the plaintiffs' petition for rehearing, which requests that we reconsider the panel's denial of plaintiffs' attorneys' fees for litigation of the fee petition. Even though the panel approves the award of EAJA counsel fees for work on both the underlying merits and the initial preparation of the fee petition, it denies the remaining fees on the basis that the government's position in the fee petition litigation was substantially justified. Because of my dissenting posture, I did not in my original separate opinion address the correctness of this aspect of the panel's determination. I write now to explain my view that, in this aspect, the panel opinion is inconsistent with our prior decisions, is incorrect, and will unduly complicate fee petition litigation. Indeed, as I see it, the panel opinion requires litigation over whether the government had been substantially justified in arguing that it had been substantially justified. In contrast, I believe that if attorneys' fees are to be awarded, the court should order compensation for the entire effort involved in pursuing those fees under the EAJA.

As plaintiffs correctly point out in their brief, we have consistently defined "position of the United States" as "not only the litigation position ... but also the agency position which made the lawsuit necessary." *NRDC v. EPA*, 703 F.2d 700, 708 (3d Cir.1983) (opinion announcing the judgment of the court); *see, e.g., Donovan v. Dialamerica Marketing*, 757 F.2d 1376, 1389 (3d Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 246, 88 L.Ed.2d 255 (1985); *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir.1985). Congress specifically endorsed *NRDC* when it embraced a similarly two-pronged definition in reconstituting the EAJA in 1984. *See* H.R.Rep. No. 120, 99th Cong., 1st Sess. 12 (1985) ("Interpreting the EAJA so as to restrict its application to mere litigation arguments and not the underlying action which made the suit necessary, would remove the very incentive for careful agency action that Congress hoped to create in 1980"); S.Rep. No. 586, 98th Cong.2d Sess. 9 (1984) ("the government's position to be evaluated includes, in addition to the litigation stance the underlying *government* action giving rise to the litigation"). Because the government is thus deemed to have two positions for EAJA purposes, both must be "substantially justified" by the terms of the act. Courts must therefore undertake the two-pronged inquiry and if either government position does not bear scrutiny, the prevailing private party should be awarded attorneys' fees.

The panel's decision in this case failed to make the required two-pronged inquiry in connection with either the principal litigation or the fee petition litigation. On the question of fees for litigating plaintiffs' substantive claims in the principal litigation, the panel, having found that the EAJA applied to the case and that the government's litigation position was unjustified, upheld the fee award for the principal litigation without discussing the justification for the underlying government position. The error was therefore inconsequential. On the question of fees for the ancillary litigation, that is, fees for litigating the fee dispute, however, this failure was critical. In denying the fee award for litigating the fee dispute, the panel found only that the government's litigation position in this ancillary dispute was not "substantially unjustified;" it made no second-prong inquiry into the underlying agency position or action.

In *NRDC*, we stated that the second-prong inquiry concerns "the agency position which made the lawsuit necessary." In endorsing NRDC, Congress formulated the second prong as an inquiry into "the underlying government action giving rise

to the litigation." The different formulations point to different second-prong inquiries in the context of fee litigation disputes. Because this is not the typical EAJA case—we deal with fees for fee litigation and not for substantive litigation, and we are not dealing with a discrete administrative agency but with a grand jury and the Justice Department—the line between litigation position and *NRDC*'s "agency position" or Congress's "underlying government action" is not as clear as usual. I believe there is a distinction, however, and while the agency's litigation position in the fee dispute may be justified, under either second-prong approach we must award attorneys' fees.

In the context of litigation over fees, the litigation position is the government's argument that it was substantially justified in litigating the fee dispute. The "agency position which made the lawsuit necessary" (the *NRDC* formulation) is the position taken by the government in the principal litigation. The "underlying government action" (the Congressional formulation) was the Custom Service's initial procurement of a grand jury subpoena as a collateral attack on the orders of the district court in Ohio. The panel found unjustified both the government's position in the principal litigation, *see* 799 F.2d at 40, and the underlying government action, *id*, at 38. Plaintiffs must therefore be awarded attorneys' fees for litigating the fee dispute.

This result not only follows from the doctrines surrounding EAJA fee awards, it also makes sense. The purpose of the EAJA is well established. "The Act's central purpose [is] to eliminate *any* barrier to litigation challenging unreasonable government conduct presented by the specter of attorneys' fees." *Goldhaber v. Foley*, 698 F.2d 193, 195 (3d Cir.1983) (emphasis supplied); *see also Dougherty v. Lehman*, 711 F.2d 555, 563 (3d Cir.1983); S.Rep. No. 586, *supra*, at 9. Our denial of attorneys' fees for Ft. Steuben's litigation of the fee dispute contravenes this purpose. The expense of litigating the ancillary dispute is just the kind of financial deterrent that Congress sought to counter in enacting and re-enacting the EAJA.

Finally, the rule announced today creates a new question that will have to be resolved through yet another round of litigation: is the government substantially justified in arguing that it had been substantially justified? The principal litigation concerning the substantive dispute is, of course, deserving of judicial attention. The ancillary litigation concerning fees for work on the principal case is necessary to properly apply the EAJA incentive to bring or defend such cases. A dispute over fees for fee litigation, however, is only tangentially related to the substantive lawsuit, and I believe it to be the appropriate place to draw the line. Litigation over fees for securing fees is unnecessary, time-consuming and wasteful. "A request for attorneys' fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). Awarding the fee for securing the fee is the proper way to discourage unnecessary litigation, thereby implementing the policies underlying the EAJA.